UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GS HOLISTIC, LLC,

            Plaintiff,

v.

BASEL MASOUD, et al.,

            Defendants.

Case No. 22-cv-07637-AGT

**ORDER FOR FURTHER BRIEFING ON MOTION FOR DEAULT JUDGMENT**

Re: Dkt. No. 39

On May 31, 2024, plaintiff GS Holistic, LLC ("Plaintiff") moved for default judgment. Before addressing that motion, the Court requests further briefing from Plaintiff by **August 20, 2024**, regarding (1) service of process on the Defendants, and (2) the connection between Illusion Smoke Shop, Hotbox Smoke Shop, and Basel Masoud.

I.      **Background**

On September 7, 2023, Plaintiff filed a first amended complaint, naming Basel Masoud d/b/a Hotbox Smoke Shop, Nadim Maida d/b/a Hotbox Smoke Shop, Basel Masoud, and Nadim Maida as defendants. Dkt. 29. On May 13, 2024, Plaintiff voluntarily dismissed Nadim Maida at dkt. 35, leaving Masoud as the only defendant.[1]  A Summons was issued for Basel Masoud at 1435 Main St., Watsonville, CA 95076.  Dkt. 32.

On September 14, 2023, Plaintiff initially attempted to serve Masoud at the 1435 Main St, Watsonville, CA 95076-3755 address. Dkt. 33-2 ¶ 8. That attempt was unsuccessful. *Id.* After "conduct[ing] a TLO Comprehensive Report," Plaintiff then

---

[1] Plaintiff denotes the current defendants as both Basel Masoud and Basel Masoud d/b/a Hotbox Smoke Shop. Dkt. 39 at 1. The "[u]se of a fictitious business name does not create a separate legal entity." *Lemus v. Thanh BBQ & Noodle, Inc.*, 2018 WL 3368556, at *2 (N.D. Cal. July 10, 2018) (quoting *Pinkerton's, Inc. v. Superior Court*, 49 Cal. App. 4th 1342, 1348 (1996)).  The Court will treat the two named defendants as just one individual defendant, Masoud.

attempted to serve Masoud on October 15, 2023, at an address indicated in the report —
2139 Freedom Blvd, Freedom, CA 95019-2743. *Id.* ¶¶ 9–11. That attempt was also
unsuccessful. *Id.* ¶ 12. On March 21, 2024, Masoud was served through substitute service
by serving his wife, Flower Masoud, at 614 Green Valley Road, Watsonville, CA. Dkt. 36.

## II.      Service of Process

"A federal court does not have jurisdiction over a defendant unless the defendant has
been served properly under Fed. R. Civ. P. 4." *Direct Mail Specialists, Inc. v. Eclat
Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988). Accordingly, the Court
requests clarification on certain aspects of service.

While either federal or state law may provide a basis to effect service of process,
Plaintiff needs to explain why service is proper. Service made pursuant to Federal Rule of
Civil Procedure 4(e)(2)(B) requires that this is Masoud's "dwelling or usual place of abode."
It is unclear whether the 614 Green Valley Road address is Masoud's dwelling or usual place
of abode. Alternatively, if service was completed according to California law, Plaintiff
should clarify the manner of service.

## III.     Provided Photographs and Connection to Defendants

Illusion Smoke Shop, Inc. was an original defendant in this case (dkt. 1) before the
claims against it were voluntarily dismissed (dkt. 31). In the amended complaint, Plaintiff
alleges that the glass infuser was purchased "from HOTBOX SMOKE," and Illusion is not
mentioned at all. Dkt. 29 ¶ 30.  Plaintiff included as Exhibit B to the motion a series of
"pictures of infringing product purchased from the Defendant store." Dkt. 39 at 16; dkt. 39-
5.  A picture of the "Illusion Smoke Shop" storefront shown below and an interior
photograph of a store are included with the photos of the glass infuser.  Dkt. 39-5 at 2.



Plaintiff should clarify whether the pictured storefront is connected to Masoud, Hotbox Smoke Shop, and the purchase of the glass infuser.  *See* Dkt. 29 ¶¶ 29–30; dkt. 39-1 ¶ 6.

## IV.   Conclusion

As discussed above, Plaintiff is directed to submit a supplemental brief by **August 20, 2024**, (i) showing that Masoud has been properly served, and (ii) providing a clear nexus between the purchase of the infringing product, the storefront, and defendant Masoud.  If Plaintiff requires time to perfect service or determines that leave is needed to file an amended complaint or amended motion for default judgment, Plaintiff should request such relief along with its submission. Plaintiff must serve Masoud with this order by any means reasonably calculated to provide actual notice, and file proof of service by **August 20, 2024**.

**IT IS SO ORDERED.**

Dated: August 6, 2024

Alex G. Tse
United States Magistrate Judge